IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| PRISCILLA FIELDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.   5:10-cv-459 |
| vs. ) | |
| ) | |
| DELTA OUTSOURCE GROUP, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, PRISCILLA FIELDS, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, DELTA OUTSOURCE GROUP, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Goldsboro, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Montana, which is licensed to do business in North Carolina and which has its principal place of business in Lake Saint Louis, Montana.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the month of February of 2010, Defendant's representatives and/or employees, including but not limited to individuals who represented themselves as Mr. Dawson (hereinafter "Dawson") and Mr. Winters (hereinafter "Winters"), began contacting Plaintiff by telephone at her place of employment, sometimes multiple times per day, in attempts to collect the aforementioned alleged debt.

8. Plaintiff informed Defendant's callers, including but not limited to Dawson and Winters, that Plaintiff was not permitted to receive calls of a personal nature while she was at her place of employment

9. Despite Plaintiff's repeated requests that Defendant's representatives and/or employees not contact her at her place of employment, Defendant continued to place such phone calls to Plaintiff.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3); and

    b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, PRISCILLA FIELDS, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

   a. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of N.C. Gen. Stat. § 58-70-100(4); and

   b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, PRISCILLA FIELDS, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 (facsimile)
Lynette@LuxenburgLevin.com